IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LINDSEY SUPERNAW**                                                                 **PLAINTIFF**

vs.                                  No. 2:20-cv-2082-PKH

**ARKLAHOMA INDUSTRIAL REFRIGERATION,**          **DEFENDANTS**
**INC., and ALBERT LITTLETON**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lindsey Supernaw ("Plaintiff"), by and through her attorneys Blake Hoyt and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Arklahoma Industrial Refrigeration, Inc., and Albert Littleton (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for hours in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of Arkansas, operating and managing a store in Logan County.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendants, and Defendants therefore "reside" in Arkansas.

7. The acts alleged in this Complaint had their principal effect within the Fort Smith Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

8. Plaintiff is a citizen of the United States and a resident and domiciliary of Logan County.

9. Defendant Arklahoma Industrial Refrigeration, Inc. ("AIR"), is a domestic for-profit corporation.

10. AIR's registered agent for service is Albert W. Littleton, at 5132 Reveille Valley Road, Magazine, Arkansas 72943.

11. Defendant Albert Littleton ("Littleton") is an individual and domiciliary of Arkansas.

12. Defendants maintain a website at https://magazine-true-value-hardware-and-farm.business.site/.

### III.    FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Littleton is an owner, principal, director, and/or officer of AIR.

15. Upon information and belief, Littleton manages and controls the day-to-day operations of AIR and dictates and the employment policies of AIR, including but not limited to the decision to not pay Plaintiff an overtime premium for work in excess of forty (40) hours per week.

16. At all relevant times herein, Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

17. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

18. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

19. During each of the three years preceding the filing of this Original Complaint, Defendants continuously employed at least four (4) employees.

20. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

22. At all times material herein, Plaintiff has been misclassified by Defendants as a salaried employee and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

23. At all relevant times herein, Defendants directly hired Plaintiff to work at its store, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

24. Plaintiff was employed by Defendants as an hourly worker from June of 2018 to August of 2019, and as a salaried assistant manager from August of 2019 to May of 2020.

25. As assistant manager, Plaintiff's primary duties included, but were not limited to, counting the register, writing the schedule and assisting customers.

26. Plaintiff did not have the authority to hire or fire any other employee, nor were her recommendations for hiring or firing given particular weight.

27. Plaintiff did not exercise independent judgment as to matters of significance.

28. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

29. Plaintiff regularly worked over forty (40) hours each week.

30. When Plaintiff worked as assistant manager, Defendants did not pay Plaintiff one and one-half times her regular rate of pay for hours worked over forty (40) per week.

31. At all relevant times herein, Defendants have deprived Plaintiff of regular wages and overtime compensation for all of her hours worked over forty (40) per week.

32. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### V.   FIRST CAUSE OF ACTION—Violation of the FLSA

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36. At all times relevant to this Complaint, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in

one week and to pay 1.5x regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

38. At all times relevant times to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

39. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

40. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

46. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VI. SECOND CAUSE OF ACTION—Violation of the AMWA

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

49. At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50. AMWA Sections 210 and 211 require employers to pay all employees a minimum wage for all hours worked up to 40 in a week and to pay

1.5x regular wages for all hours worked over 40, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51. At all times relevant to this Complaint, Defendants misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

52. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each week.

53. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

54. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lindsey Supernaw respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

  D. A declaratory judgment that Defendants' practices alleged herein violate the AMWA;

  E. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

  F. Judgment for damages for all unpaid overtime wage compensation owed under the AMWA;

  G. Judgment for liquidated damages pursuant to the FLSA;

  H. Judgment for liquidated damages pursuant to the AMWA;

  I. An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

  J. For a reasonable attorney's fee, costs and interest; and

  K. Such further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LINDSEY SUPERNAW**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_/s/ Blake Hoyt_
Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com